<u>**STATEMENT OF FACTS**</u>

Case: 1:23−mj−00002
Assigned To : Harvey, G. Michael
Assign. Date : 1/6/2023
Description: Complaint W/ Arrest Warrant

*Investigation into Target Package Containing Suspected Gamma Butyrolactone (GBL)*

On or about December 26, 2022, United States Customs and Border Protection (CBP) officers assigned to the John F Kennedy (JFK) International Airport, New York, NY Mail Branch conducted an inspection of an inbound package sent from France to Washington D.C. The package (hereinafter, the "**TARGET PACKAGE**") was found to contain five unmarked plastic bottles filled with clear liquid, weighing approximately 6.07 kilograms (gross weight including the plastic bottles). CBP Officers used a Gemini Thermo Scientific system to analyze the clear liquid and returned a presumptive positive match for Gamma Butyrolactone (GBL). The **TARGET PACKAGE** had a listed recipient of "Jonathan PERRY" at address 100 I St SE, Apt ████, Washington D.C. 20003

The suspected GBL was seized pursuant to 21 U.S.C. § 813 (Treatment of Controlled Substance Analogues) as GBL possesses chemical structures that closely resemble Gamma Hydroxybutyric Acid (GHB); a Schedule 1 controlled substance identified under 21 U.S.C. § 841 (Prohibited Acts A). Additionally, GBL is specifically identified as a GHB analogue and as a "date rape drug" under 21 U.S.C. § 841(g)(2)(A)(i). Based on training and experience, your affiant is aware that GBL is frequently abused as a "party drug" based on its ability to produce feelings of relaxation and euphoria and is commonly distributed and consumed within nightclubs and other party venues in Washington D.C. and elsewhere. Your affiant is also aware that GBL is frequently used to facilitate sexual assaults as it is a clear odorless liquid that causes people to become sleepy, forgetful, or otherwise incapacitated, providing a means for offenders to slip GBL into a victim's drink without them becoming aware in order to pre-empt a sexual assault. Based on experience and current participation in multiple narcotics investigations within Washington D.C., your affiant is aware that

as of December 2022 GBL held a street value in Washington D.C. of approximately $90.00 per ounce, rendering a potential distributable street value of approximately $19,000 for the referenced seizure.

On or about December 28, 2022, the Homeland Security Investigations (HSI) Washington D.C. High Intensity Drug Trafficking Area (HIDTA) group initiated a criminal investigation and prepared for a potential controlled delivery of the **TARGET PACKAGE**. The investigation revealed that Jonathan Montiethe PERRY (DOB: XX/XX/1983) was the likely intended recipient of the **TARGET PACKAGE**, and law enforcement obtained two anticipatory search warrants in preparation for a controlled delivery operation.  The warrants sought authorization for a search of the 100 I St SE address that had been listed on the package, or, alternatively for PERRY's address of record (82 I St. SE, Apartment ███, Washington, D.C. 20003) (hereinafter, "PERRY RESIDENCE"), were the package to be taken to either address following delivery.  The anticipatory requirements for both search warrants required that law enforcement observe or develop probable cause of the **TARGET PACKAGE** entering one of the two locations.

### *Execution of Search Warrant at 82 I St SE Address*

On January 5, 2023, at approximately 10:15am, an undercover law enforcement officer (UC) conducted a controlled delivery of the **TARGET PACKAGE** to the 100 I St. SE address, where it was accepted by the apartment complex concierge and placed in the building's package room. Additional law enforcement officers were located in close vicinity conducting surveillance at both locations. At approximately 10:30am, law enforcement observed an individual later identified as PERRY enter the apartment complex housing 100 I St. SE, retrieve the **TARGET PACKAGE**, and then depart the building. Shortly after, your affiant observed PERRY enter the apartment door of the 82 I St. SE address with the **TARGET PACKAGE** in his hand. Law enforcement waited several minutes, knocked on the door of the 82 I St. SE address and announced their presence, and

subsequently executed the search warrant. PERRY was present and detained without incident. Immediately upon entry into the residence, law enforcement observed the **TARGET PACKAGE** on the kitchen table next to a pair of scissors. On a separate nearby table, there was an open laptop computer with the USPS package tracking website open and the **TARGET PACKAGE's** tracking number displayed.

Your affiant and other law enforcement officers interviewed PERRY inside the residence, all of which was audio-recorded. Additionally, the majority of the interview (excluding the first several minutes) was also captured on body-worn camera from a Washington D.C. Metropolitan Police Department (MPD) Officer. Your affiant advised PERRY of his Miranda rights, and PERRY verbally waived his rights and agreed to speak with investigators. During the interview, in sum and substance, PERRY stated the following:

- PERRY resided at the 82 I St. SE address for approximately three years.

- PERRY initially stated he did not know what was inside of the **TARGET PACKAGE**, but ultimately admitted he knew the substance he had purchased was GBL.

- PERRY stated he purchased five liters of GBL for approximately $1,300.00 (which could equate to approximately five or six kilograms in weight, depending on volume).

- PERRY stated he obtained the GBL for personal use and did not intend to distribute it.

- Later during the same interview, PERRY admitted he had previously given GBL to his friends at parties and other similar events.

During the ensuing search of PERRY's residence, investigators found numerous items of evidence indicative of narcotics distribution, to include but not limited to the following:

- A plastic bag containing what appeared to be hundreds of empty, unfilled plastic pill capsules. The bag was opened and some of the capsules had been removed, but the label stated it contained 1,000 capsules.

- A plastic bag containing several dozen (estimated) empty plastic vials.

- A box containing six small empty, blue-colored vials and several glass droppers.

- Approximately 61 pills of suspected 3,4-Methylenedioxymethamphetamine (MDMA – or Ecstasy) weighing approximately 32 grams, a quantity of which field tested positive for MDMA.

- Throughout the interview, PERRY maintained he purchased the GBL for personal use, and had no intention of distributing the GBL.

Based on training and experience, your affiant knows that the quantity of suspected GBL seized (approximately six kilograms) exceeds what is traditionally considered a "personal use" amount, and more likely represents distribution-level quantities. Additionally, the presence of additional suspected narcotics (MDMA) and various forms of suspected drug packaging and re-distribution materials (plastic pill capsules, vials, liquid droppers, etc) is further indicative of narcotics distribution.

As such, your affiant submits that probable cause exists to charge Jonathan Montiethe PERRY with violations of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Possession with Intent to Distribute a Detectable Amount of Gamma Butyrolactone (GBL)), a Schedule I controlled substance; and 21 U.S.C. § 952(a) (Importation of Controlled Substances).

Your affiant has not provided every fact known to him during the investigation, but facts sufficient to establish probable cause.

_____
SPECIAL AGENT JULIAN HERMAN
HOMELAND SECURITY INVESTIGATIONS

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 6th day of January 2023.*

_____
G. MICHAEL HARVEY
U.S. MAGISTRATE JUDGE